106 F.3d 406
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary ARNOLD, Plaintiff-Appellant,
v.
AETNA HEALTH PLANS OF CALIFORNIA, INC., Defendant-Appellee.
 No. 95-16765.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1996.
Decided Jan. 14, 1997.
 
 Before: BOOCHEVER, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gary Arnold appeals the entry of summary judgment in favor of Aetna Health Plan, Inc. ("Aetna") in his claim for long-term disability benefits under the benefit plan of his former employer, PepsiCo Food Service ("PepsiCo"), pursuant to section 1132(a)(1)(B) of the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. A grant of summary judgment is reviewed de novo, Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1994), and the appellate court's review is governed by the same standard used by the trial court. Suitum v. Tahoe Regional Planning Agency, 80 F.3d 359, 361 (9th Cir.1996). We therefore review Aetna's denial of benefits for an abuse of discretion. Snow v. Standard Ins. Co., 87 F.3d 327, 330 (9th Cir.1996). It is an abuse of discretion to base a decision on insubstantial evidence. Id. at 331-32. Because Aetna's decision to deny the benefits is not supported by substantial evidence in the record, we reverse and remand for entry of summary judgment in favor of Arnold. Id. at 333 (where finding not supported by substantial evidence in the record, proper for district court to enter judgment ordering granting of benefits).
 
 
 3
 In August 1992, Aetna terminated Arnold's long-term disability coverage based solely on a July 14, 1992, report by Dr. Barzaga, which stated that she was "strongly convinced that the patient should be able to return to work as of September 1, 1992." As a result of Arnold's appeal of Aetna's adverse decision, Aetna had Arnold evaluated by a vocational specialist. The specialist determined that Arnold was not fit for "either a full or part-time work or training effort." Aetna again sought Dr. Barzaga's opinion, and this time Dr. Barzaga concluded in a report of March 30, 1993, that "the patient is temporarily totally disabled." Despite the work evaluation and Dr. Barzaga's opinion, Aetna concluded that Arnold was not eligible for long-term disability benefits. Aetna determined that Dr. Barzaga's opinion had changed because of new ailments that occurred after the coverage period.
 
 
 4
 For the most part, Dr. Barzaga's two reports made the same findings. In the first, she noted that Arnold suffered from chronic cervical strain and that he had undergone arthroscopic surgery twice on his right shoulder. She also detailed Arnold's subjective experience of neck and back pain. She did not find that he was not currently disabled, but rather prognosticated that, as long as he was not required to lift more than five pounds overhead, he would be able to return to gainful employment in six weeks. In her second report, Dr. Barzaga again noted Arnold's neck and back pain and that he suffered from chronic cervical strain. The only significant change in her findings was that Arnold had bilateral carpal tunnel syndrome. Aetna argues that this added ailment arose after Arnold had ceased working for PepsiCo and thus was not covered by its long-term disability plan.[1]
 
 
 5
 Thus, in Dr. Barzaga's first report, she did not find that Arnold was capable of working. She made a prediction that he would be able to return to work in the future. In the second report, Dr. Barzaga stated that she did "not recommend that the patient return to work at this point" and that he was "temporarily totally disabled." This was essentially the same evaluation as her first report. In coming to this conclusion, she relied on all of the objective and subjective findings of Arnold's physical condition, most of which had not changed since her first report. In fact, she makes no mention of any improvement in the neck, right shoulder, or back condition which she implied were currently disabling in her original report.
 
 
 6
 There is thus no evaluation in the record finding that Arnold was capable of gainful employment. By contrast to the absence of any such evidence, there was a report by Dr. Johnson indicating that Arnold was disabled. Moreover, a vocational examination performed at Aetna's request found that Arnold had difficulty sitting and standing, and concluded "from a physical tolerance perspective" he was not capable of "either a full or part-time work or training effort." Finally, Aetna's own review of these reports, conducted by Dr. Galvin, indicates that "[t]his is a chronic pain problem--[it] is quite clear that applicant can't work."
 
 
 7
 We conclude that there is an absence in the record of any evidence supporting Aetna's denial of benefits, and there is substantial evidence that Arnold was not capable of gainful employment.
 
 
 8
 We therefore REVERSE and REMAND for the district court to enter summary judgment in favor of Arnold. Aetna's request for attorneys' fees is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Arnold contends that the condition was diagnosed during the period of coverage and that a doctor's report to that effect was sent to PepsiCo, albeit in regard to Arnold's separate worker's compensation claim. Because of our decision that the onset of the carpal tunnel syndrome is not determinative, we find it unnecessary to decide whether Aetna is chargeable with knowledge of that report. We note, however, that both parties state that reports may be filed either with Aetna or PepsiCo